UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAMANI BEDIAKO and
KIA MILLER, on behalf of themselves
and those similarly situated,

      Plaintiffs,

v.

P & G AUDITORS AND CONSULTANTS,
LLC, a Foreign Limited Liability Company,
GRC  SOLUTIONS, LLC, a Foreign
Limited Liability Company, and
PGX, LLC, a Foreign Limited Liability
Company,

      Defendants.

_____/

## COLLECTIVE/CLASS ACTION COMPLAINT
## AND DEMAND FOR JURY TRIAL

Plaintiffs, DAMANI BEDIAKO ("Bediako") and KIA MILLER ("Miller") (collectively "Plaintiffs"), on behalf of themselves and other Anti-Money Laundering investigator ("AML") employees and former employees similarly situated, by and through undersigned counsel, file this Complaint against Defendants, P & G AUDITORS AND CONSULTANTS, LLC ("P&G"), GRC SOLUTIONS, LLC ("GRC"), and PGX, LLC ("PGX") (collectively referred to as "Defendants") and state as follows:

## NATURE OF THE ACTION

1.    Plaintiffs allege on behalf of themselves and other similarly situated current and former AML employees of the Defendants, who elect to opt into this action, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are: (i) entitled to unpaid wages from Defendants for overtime work for which they did not receive overtime premium pay, as required by law, (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C.  §§201 et seq; and (iii)

declaratory relief pursuant to 28 U.S.C. §2201.

2.      Plaintiffs further complain on behalf of themselves, and a class of other similarly situated current and former AML employees of the Defendants, pursuant to Fed.R.Civ.P.23, that they are entitled to back wages from Defendants for overtime work for which they did not receive overtime premium pay as required by the New York Labor Law §§ 650 et seq. ("NYLL") and the supporting New York State Department of Labor regulations, and additional damages.

## JURISDICTION

3.      Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

4.      The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

5.      This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

6.      This Court has jurisdiction over Plaintiffs' New York state law claims pursuant to 28 U.S.C. §1367, because Plaintiffs' state law claims arise from substantially the same factual nexus as his FLSA claims.

**7.**      Venue is proper in the Southern District of New York because a substantial portion of the events forming the basis of this suit occurred in this District.

## PARTIES

8.      At all times material hereto, Plaintiff MILLER was a resident of Essex County, New Jersey.

9.      At all times relevant hereto, MILLER was employed by Defendants as a non-exempt AML and performed related activities for Defendants in New York.

10.     MILLER worked as an AML for Defendants from approximately December 2017 through September 2018.

11.     MILLER is a covered employee within the meaning of the FLSA and NYLL.

12.     At all times material hereto, Plaintiff BEDIAKO was a resident of Kings County, New York.

13.     At all times relevant hereto, BEDIAKO was employed by Defendants as a non-exempt AML and performed related activities for Defendants in New York.

14.     BEDIAKO worked as an AML for Defendants from approximately February 2017 through November 2017.

15.     BEDIAKO is a covered employee within the meaning of the FLSA and NYLL.

16.     At all times material hereto P&G, was and continues to be a Foreign Limited Liability Company with its principal place of business located in East Brunswick, New Jersey.

17.     Defendant P&G is a covered employer within the meaning of FLSA and NYLL and, at all relevant times, employed Plaintiffs and similarly situated employees.

18.     At all relevant times, P&G has maintained control, oversight, and direction over Plaintiffs and similarly situated employees.

19.     P&G has a centralized corporate policy that it applied to all AML employees employed on its Apple Bank project where Plaintiffs worked.

20.     P&G applies the same employment policies, practices, and procedures to all AML employees within the proposed class/collective, including policies, practices, and procedures with respect to payment of wages.

21.     At all times material hereto GRC, was and continues to be a Foreign Limited Liability Company with its principal place of business located in East Brunswick, New Jersey.

22.     Defendant GRC is a covered employer within the meaning of FLSA and NYLL and, at all relevant times, employed Plaintiffs and similarly situated employees.

23.     At all relevant times, GRC has maintained control, oversight, and direction over Plaintiffs and similarly situated employees.

24.     GRC has a centralized corporate policy that it applied to all AML employees at the Apple Bank project on which Plaintiffs were employed.

25.     GRC applied the same employment policies, practices, and procedures to all AML employees, including policies, practices, and procedures with respect to payment of wages.

26.     At all times material hereto PGX, was and continues to be a Foreign Limited Liability Company with its principle place of business located in East Brunswick, New Jersey.

27.     Defendant PGX is a covered employer within the meaning of FLSA and NYLL and, at all relevant times, employed Plaintiffs and similarly situated employees.

28.     At all relevant times, PGX has maintained control, oversight, and direction over Plaintiffs and similarly situated employees.

29.     PGX has a centralized corporate policy that it applied to all AML employees on the Apple Bank project on which its employees were employed.

30.     PGX applied the same employment policies, practices, and procedures to all AML employees on the Apple Bank project, including policies, practices, and procedures with respect to payment of wages.

31.     At all times relevant hereto, the Defendants were a "joint enterprise" within the meaning of the FLSA and NYLL.

32.     At all times relevant hereto, Defendants had a common business purpose and all existed to provide anti-money laundering consultant services to their clients, among other services.

33.     At all times relevant hereto, Defendants had common ownership.

34.     At all times relevant hereto, Defendants shared the same principal executive office, website, phone numbers and vendors.

35.     At all times relevant hereto, Defendants shared common management.

36.     At all times relevant hereto, Defendants jointly employed the same employees in simultaneous work weeks.

## COVERAGE

37.     At all times material hereto MILLER was jointly employed by Defendants, within the meaning of FLSA and NYLL.

38.     MILLER was hired by Defendants to perform duties as an AML in New York, for Defendants' client Apple Bank

39.     Throughout her employment, MILLER reported to Defendants in her capacity as an AML.

40.     Throughout her employment, all Defendants supervised MILLER, assigned MILLER her work duties, and determined the manner and method by which she was to perform her duties.

41.     At all times material hereto, Defendants were MILLER's "employer" within the meaning of FLSA and NYLL.

42.     At all times material hereto BEDIAKO was jointly employed by Defendants, within the meaning of FLSA and NYLL.

43.     BEDIAKO was hired by Defendants to perform duties as an AML in New York, for

Defendants' client Apple Bank.

44.     Throughout his employment, BEDIAKO reported to Defendants in his capacity as an AML.

45.     Throughout his employment, all Defendants supervised BEDIAKO, assigned BEDIAKO his work duties, and determined the manner and method by which he was to perform his duties.

46.     At all times material hereto, Defendants were BEDIAKO's "employer" within the meaning of FLSA and NYLL.

47.     Defendants were, and continue to be, an "employer" within the meaning of FLSA and NYLL.

48.     At all times material hereto, Defendants were, and continue to be, "an enterprise engaged in commerce" within the meaning of FLSA and NYLL.

49.     At all times material hereto, each of the Defendants was, and continues to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA and NYLL.

50.     At all times material hereto, each of the Defendants was, and continues to be, an enterprise engaged in the "production of good for commerce" within the meaning of the FLSA and NYLL.

51.     Based upon information and belief, the annual gross revenue of P&G was in excess of $500,000.00 per annum during the relevant time periods.

52.     Based upon information and belief, the annual gross revenue of GRC was in excess of $500,000.00 per annum during the relevant time periods.

53.     Based upon information and belief, the annual gross revenue of PGX was in excess

of $500,000.00 per annum during the relevant time periods.

54.     Defendants combined annual gross revenue was in excess of $500,000 per annum during the relevant time periods.

55.     At all times material hereto, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, including office equipment, computers, telephones and other tools and materials necessary for the work they performed.

56.     At all times material hereto, MILLER was "engaged in commerce" and subject to individual coverage of the FLSA and NYLL, because she handled interstate telephone calls and computer transactions on a regular and frequent basis as part of her job duties while employed by Defendants.

57.     At all times material hereto, BEDIAKO was "engaged in commerce" and subject to individual coverage of the FLSA and NYLL, because he handled interstate telephone calls and computer transactions on a regular and frequent basis as part of his job duties while employed by Defendants.

58.     At all times material hereto, Defendants maintained simultaneous business operations in two (2) or more states.

## STATEMENT OF FACTS

59.     P&G provides internal audit and risk management services for community banks, credit unions, foreign branches and agencies New York and elsewhere.

54.     GRC provides internal audit and risk management services for community banks, credit unions, foreign branches and agencies New York and elsewhere.

55.     PGX provides internal audit and risk management services for community banks, credit unions, foreign branches and agencies New York and elsewhere.

55.     Plaintiffs were jointly employed by Defendants as non-exempt AMLs at all times relevant hereto, working on behalf of client Apple Bank.

56.     Throughout their employment, Plaintiffs were paid on an hourly-basis in exchange for work they performed, to the extent Defendants paid them for their hours worked.

57.     Plaintiffs and those similarly situated, routinely worked in excess of forty (40) hours per work week as part of their regular job duties.

58.     Despite working more than forty (40) hours per week, Defendants failed to pay Plaintiffs and those similarly situated, overtime compensation at a rate of time and a half their regular rate of pay for hours worked over forty in a work week.

59.     Defendants have employed and are employing hundreds of other individuals as AMLs who performed and continue to perform the same or similar job duties under the same pay provision as Plaintiffs and the class members for their client Apple Bank.

60.     Defendants have violated Title 29 U.S.C. §207 and the NYLL from at least January 2017 and continuing to date, in that:

   a.     Plaintiffs worked in excess of forty (40) hours per work week for the period of employment with Defendants;

   b.     No payments, and provisions for payment, have been made by Defendants to properly compensate Plaintiffs at the statutory rate of one and one-half times their regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA and the NYLL; and

   c.     Defendants have failed to maintain proper time records as mandated by the FLSA

and the NYLL.

## COLLECTIVE ACTION ALLEGATIONS

61.     Plaintiffs and the class members were all AMLs and performed the same or similar job duties as one another in that they provided clerical support to Defendants to support their anti-money laundering function for Defendants' client Apple Bank.

62.     Plaintiffs and the class members were subjected to the same pay provisions in that they were paid an hourly rate, but not compensated at time-and-one-half for all hours worked in excess of 40 hours in a work week.  Thus, the class members are owed overtime wages for the same reasons as Plaintiffs.

63.     Defendants' failure to compensate employees for hours worked in excess of 40 hours in a work week as required by the FLSA results from a policy or practice of failure to assure that AMLs are/were paid for overtime hours worked based on their uniform pay policy, applicable to all putative class members herein.

64.     This policy or practice was applicable to Plaintiffs and the class members. Application of this policy or practice does/did not depend on the personal circumstances of Plaintiffs or those joining this lawsuit.  Rather, the same policy or practice which resulted in the non-payment of overtime to Plaintiffs applies to all class members.  Accordingly, the class members are properly defined as:

> **All AMLs who worked for Defendants within the last three years who were not compensated at time-and-one-half for all hours worked in excess of 40 hours in one or more work weeks**

65.     Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiffs and the class members.

66.     Defendants were aware that Plaintiffs were entitled to overtime pay for all overtime hours they worked and that there was no possible exemption applicable to them, because they were paid on an hourly rather than salary basis.

67.     Defendants did not act in good faith or reliance upon any of the following in formulating their pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

68.     During the relevant period, Defendants violated § 7(a)(1) and § 15(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for one or more work weeks without compensating such employees for their work at a rate of at least the time-and-one-half for all hours worked in excess of 40 hours in a work week.

69.     Defendants have acted willfully in failing to pay Plaintiffs and the class members in accordance with the law.

70.     Defendants have failed to maintain accurate records of Plaintiffs' and the class members' work hours in accordance with the law.

## CLASS ALLEGATIONS

71.     Plaintiffs sue on their own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

73.     Plaintiffs bring their New York Labor Law claim on behalf of all persons who were employed by Defendants at any time since March 2013, to the entry of judgment in this case (the "Class Period"), who were non-exempt employees within the meaning of the New York Labor Law and have not been paid for hours actually worked as well as overtime wages as required in violation of the New York Labor Law (the "Class").

74.     The persons in the Class identified above are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are thirty-five (35) or more members of the Class during the Class Period.

75.     The claims of Plaintiffs are typical of the claims of the Class, and a class action is superior to other available methods of fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

76.     The Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

77.     This policy or practice was applicable to Plaintiffs and the class members. Application of this policy or practice does/did not depend on the personal circumstances of Plaintiffs or those joining this lawsuit.  Rather, the same policy or practice which resulted in the non-payment of overtime to Plaintiffs applies to all class members.  Accordingly, the class members are properly defined as:

> **All AMLs who worked for Defendants within the last six years who were not compensated at time-and-one-half for all hours worked in excess of 40 hours in one or more workweeks.**

78.     Plaintiffs are committed to pursuing this action and have retained competent counsel experienced in employment law and class action litigation.

79.     Plaintiffs have the same interests in this matter as all other members of the class and Plaintiffs' claims are typical of the Class.

80.     There are questions of law and fact common to the Class which predominates over any questions solely affecting the individual members of the Class, including but not limited to:

      a.     whether the Defendants employed the members of the Class within the meaning of the NYLL;

      b.     whether the Defendants failed to keep true and accurate time records for all hours worked by Plaintiffs and members of the Class;

      c.     what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

      d.     whether Defendants failed and/or refused to pay the members of the Class premium pay for hours worked in excess of forty hours per workweek within the meaning of the NYLL;

      e.     whether the Defendants are liable for all damages claimed hereunder, including but not limited to, costs, disbursements and attorney's fees; and

      f.     whether the Defendants should be enjoined from such violations of the New York Labor Law in the future.

**COUNT I**
**VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION**

81.     Plaintiffs reallege and reaver paragraphs 1 through 70 of the Complaint as if fully set forth herein.

82.     From at least December 2017 and continuing until September 2018, MILLER worked in excess of the forty (40) hours per week for which she was not compensated at the statutory rate of one and one-half times her regular rate of pay.

83.     From at least February 2017 and continuing until November 2017, BEDIAKO worked in excess of the forty (40) hours per week for which he was not compensated at the statutory

rate of one and one-half times his regular rate of pay.

84.     Plaintiffs were, and are entitled to be paid at the statutory rate of one and one-half times their regular rate of pay for those hours worked in excess of forty (40) hours.

85.     At all times material hereto, Defendants failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

86.     Defendants' actions in this regard were/are willful and/or showed/show reckless disregard for the provisions of the FLSA as evidenced by its continued failure to compensate Plaintiffs at the statutory rate of one and one-half times Plaintiffs' regular rate of pay for the hours worked in excess of forty (40) hours per work weeks when they knew, or should have known, such was, and is due.

87.     Defendants have failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

88.     Due to the intentional, willful, and unlawful acts of Defendants, Plaintiffs suffered and continue to suffer damages and lost compensation for time worked over forty (40) hours per work week, plus liquidated damages.

89.     Plaintiffs are entitled to an award of unpaid wage, liquidated damages, reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

**COUNT II**
**VIOLATION OF THE NEW YORK LABOR LAW**

90.     Plaintiffs, on behalf of themselves and the members of the Class, re-allege and incorporate by reference paragraphs 1 through 70 as if they were set forth again herein.

91.     At all relevant times, Plaintiffs and the members of the Class were employed by the Defendants within the meaning of the New York Labor Law §§ 2 and 651.

92.     Defendants willfully violated Plaintiffs' rights and the rights of the members of the

Class, by failing to pay them proper compensation for all hours worked each work week, as well as for overtime compensation at rates no less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week, in violation of the New York Labor Law and its regulation.

93.     The Defendants' New York Labor Law violations have caused Plaintiffs, and the members of the Class, irreparable harm for which there is no adequate remedy at law.

94.     Due to the Defendants' New York Labor Law violations, Plaintiffs and the members of the Class are entitled to recover from Defendants their unpaid wages, overtime compensation, reasonable attorneys' fees and costs and disbursements of the action pursuant to New York Labor Law § 663(1).

**COUNT III**
**VIOLATION OF NEW YORK LABOR LAW**
**FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS**

75.     Plaintiffs, on behalf of themselves and the members of the Class, re-allege and incorporate by reference paragraphs 1 through 70 as if they were set forth again herein.

76.     Defendants failed to supply Plaintiffs and the Class Members with accurate statements of wages as required under the NYLL, Article 6, § 195(3).

77.     Specifically, Defendants failed to provide an accurate number of hours worked by Plaintiffs and the Class Members because Defendants failed to list the time Plaintiffs and the Class Members worked, their regular rate of pay, and/or their accurate overtime rate of pay.

78.     Through their knowing or intentional failure to provide Plaintiffs and the Class Members with the accurate wage statements required under the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq*., and the supporting New York State Department of Labor Regulations.

79.     Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiffs and the Class Members are entitled to statutory penalties, reasonable attorneys' fees, costs, and injunctive relief and declaratory relief, as provided for by NYLL, Article 6, §198(1-d).

## PRAYER FOR RELIEF

Wherefore, Plaintiffs on behalf of themselves and all other similarly situated Collective Action Members and members of the Class, respectfully request that this Court grant the following relief:

a.     Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiffs and their counsel to represent the Class;

b.     Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, appraising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiffs and their counsel to represent the Collective Action members;

c.     A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

d.     An injunction against the Defendants and their officers, agents, successors, employees, representatives and any and all persons in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

e.      An award of unpaid wages and overtime compensation due under the FLSA and the

New York Labor Law;

f.      An award of liquidated and/or punitive damages as a result of the Defendants'

willful failure to pay wages and overtime compensation pursuant to 29 U.S.C § 216,

and the NYLL;

g.      Statutory penalties for each workweek that Defendants failed to provide Plaintiffs

and the Class Members with accurate wage statements, as provided for by NYLL,

Article 6, § 198;

h.      An award of prejudgment and post judgment interest;

i.      An award of costs and expenses of this action together with reasonable attorneys'

and expert fees; and

j.      Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by

jury on all questions of fact raised by the complaint.

Dated: March 21, 2019.                                Respectfully submitted,

                                                       */s/ Andrew R. Frisch*
                                                       ANDREW R. FRISCH
                                                       MORGAN & MORGAN
                                                       600 N. Pine Island Road, Suite 400
                                                       Plantation, FL 33324
                                                       Tel: 954-WORKERS
                                                       Fax: 954-327-3013
                                                       E-Mail: afrisch@forthepeople.com