**MORGAN & MORGAN**

August 19, 2020

**VIA ECF**
The Honorable Lewis J. Liman
United States District Judge
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

      Re:    *Damani Bediako and Kia Miller, et al. v. P&G Auditors and Consultants, LLC, et al.*; Case No. 1:19-cv-02527

Dear Judge Liman:

This is a joint request on behalf of the plaintiffs Damani Bediako, Kia Miller and those who have opted in to this action ("Plaintiffs") and the defendants P&G Auditors & Consultants, LLC, GRC Solutions, LLC, and PGX, LLC ("Defendants") (Plaintiffs and Defendants together "the Parties") for approval of the Settlement Agreement in the above Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") action, in accordance with *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199, 206 (2d Cir. 2015). The fully executed Settlement Agreement is attached as **EXHIBIT 1**.

      A.    **Background and Claims**

In this action, Plaintiffs allege that Defendants failed to pay overtime premiums in violation of the FLSA and NYLL to them and to members of a putative class/collective action. For their part, Defendants deny that Plaintiffs were ever their employees, and contend that they were properly classified as independent contractors, and outside the coverage of the FLSA and/or NYLL. Defendants have denied and continue to deny all of the material allegations made against them.

      B.    **The Settlement**

Since the Complaint was filed, the parties have engaged in arm's-length settlement discussions to determine if the case can be settled without the need for further protracted litigation. The parties engaged in a significant amount of informal discovery. To that end, the Defendants exchanged voluminous documents pertaining to the time worked and amounts paid to each Plaintiff, the Plaintiffs' representations to Defendants at the time of their engagement, and Defendants' financial condition. The parties then participated in a full-day mediation in July 2019, which resulted in an impasse. After months of additional negotiations, the parties have reached a negotiated settlement.

Although Defendants steadfastly maintain that Plaintiffs—most of whom worked for Defendants through their own corporate entities—are independent contractors, and thus not

covered by either the FLSA or NYLL, each Plaintiff is receiving close to 100% of their claimed unpaid overtime, after attorney's fees and costs are deducted from the common fund. However, because of the bona fide issues that exist, as well as Defendants' uncertain financial condition, Plaintiffs have agreed to forego claims for liquidated damages as a compromise.

The Settlement Agreement reflects a reasonable compromise of the issues in dispute. In addition, the parties agree that the certainty of settlement is better than the risk of litigation.

### C. The Proposed Settlement is Fair and Reasonable

An FLSA settlement should be approved where it is "fair and reasonable." *See Wolinsky v. Scholastic, Inc*. 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). There is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013).

In determining fairness and reasonableness, a court should consider the totality of the circumstances, including the following factors: (1) the plaintiffs' range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion. *Wolinsky,* 900 F. Supp. at 335.

Here, the proposed settlement to Plaintiffs represents close to 100% of the value of unpaid overtime claimed (excluding liquidated damages). Accordingly, it is eminently reasonable. *See Fernandez v. Masterypro Group*, 2019 WL 4412804, at *2 (SDNY Sept. 16, 2019) (finding plaintiff's net settlement of 75% of his allegedly unpaid overtime pay "clearly reasonable").

The settlement will avoid the expense and risk of litigation—which would likely cost far more than the maximum amount Plaintiffs may be owed.

The settlement was the product of arm's-length negotiation between the parties. From Defendants' perspective, the cost of defending the litigation could exceed the cost of settlement, and could hinder its continued business operations. From Plaintiffs' perspective, they have been made whole without the risk and delay of litigation.

The parties reached settlement after substantive negotiations between experienced attorneys who counseled their clients about the benefits and risks of litigation. Plaintiffs stopped providing services to Defendants before litigation started, so there was no opportunity for collusion. "Absent fraud or collusion, [courts] should be hesitant to substitute [their] judgment for that of the parties who negotiated the settlement." *In re EVCI Career Colls. Holding Corp. Sec. Litig.*, 2007 WL 2230177, at *4 (S.D.N.Y July 27, 2007). There was no fraud or collusion in negotiating the settlement of this matter.

### D.    Counsel is Entitled to Reasonable Attorney's Fees

Plaintiffs' counsel respectfully submits that it is entitled to reasonable attorneys' fees to compensate for work in recovering the unpaid overtime wages under FLSA and NYLL. Plaintiffs' counsel expended in excess of 100 hours in the prosecution of this case. Plaintiffs' counsel's reasonable hourly rate has been found to be $500.00 per hour or more. Thus, the amount Plaintiffs' counsel will receive, roughly 28% of the common fund for its combined fees and costs[1], is clearly reasonable.

Counsel for Defendants do not oppose that part of this motion which seeks an award of attorney's fees.

"A one-third contingency fee is a commonly accepted fee in this Circuit." *Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 WL 6621081, at *3 (E.D.N.Y. Nov. 21, 2014), citing *Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 WL 5308277, at *1 (E.D.N.Y. Sept. 19, 2013) (approving attorneys' fees of one-third of FLSA settlement amount, plus costs, pursuant to plaintiff's retainer agreement, and noting that such a fee arrangement "is routinely approved by the courts in this Circuit"); *Palacio v. E*TRADE Fin. Corp.,* No. 10–CV–4030 (LAP), 2012 WL 2384419, at *6 (S.D.N.Y. June 22, 2012) ("[T]he percentage of recovery method ... is consistent with the 'trend in this Circuit.'" (quoting *McDaniel v. City of Schenectady,* 595 F.3d 411, 417 (2d Cir. 2010) (discussing common fund class actions))). Further, Plaintiffs' counsel represents that the amount of fees comes to below the lodestar total.

Here, Plaintiffs' recovery is close to 100% of the wages they may have recovered going forward. Undersigned Plaintiffs' counsel respectfully submits that to award an effective rate of less than $600 per hour to a nineteen-year attorney with extensive experience in this area of the law, and a partner at the largest plaintiffs' firm in the country, is fair and reasonable, especially in light of the excellent result achieved for Plaintiffs in this matter.

As such, counsel for Plaintiffs respectfully submits that this Court approve the Parties' settlement agreement as fair and reasonable.

Both parties respectfully request that the Court dismiss this action with prejudice, but retain jurisdiction to enforce the terms of the parties' settlement.

Respectfully submitted,

**/s/ *Andrew Frisch***
Andrew R. Frisch, Esq.
Morgan & Morgan, P.A.
8151 Peters Road, Suite 4000
Plantation, FL 33324
Tel: (954) WORKERS

---

[1] Plaintiffs' counsel has reduced their fee from 40% permitted by its contract with Plaintiffs, to ensure that Plaintiffs will receive a greater allocation from the common fund.

Fax: (954) 327-3013
Email: AFrisch@forthepeople.com
*Attorneys for Plaintiffs*