# EXHIBIT 1

## FINAL SETTLEMENT AGREEMENT AND COMPLETE WAIVER/RELEASE

This final Settlement Agreement and Complete Waiver/Release ("Agreement") is between Plaintiffs Damani Bediako and Kia Miller (collectively "Representative Plaintiffs"), and all other "Opt-In Plaintiffs" (defined below), on the one hand, and defendants P&G Auditors and Consultants, LLC ("P&G"), GRC Solutions, LLC ("GRC"), and PGX, LLC ("PGX," referred to collectively with P&G and GRC as "Defendants").

WHEREAS, Representative Plaintiffs initiated a lawsuit filed in the United States District Court for the Southern District of New York alleging violations of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et seq ("FLSA") and the New York Labor Law ("NYLL"), that is styled Damani Bediako and Kia Miller v. P&G Auditors and Consultants, LLC, et al., Case No. 1:19-cv-02527 (the "Lawsuit");

WHEREAS, the NYLL provide protections similar to the FLSA and the parties wish to resolve all claims under the NYLL in addition to claims under the FLSA;

WHEREAS, Defendants do not admit liability and believe that at all times all putative class members have been properly classified as independent contractors, but the Parties desire to avoid further litigation and to fully, finally, and forever settle, compromise, and discharge all disputes and claims that Representative Plaintiffs or any Opt-in Plaintiff raised in the Lawsuit or that relate to or reasonably could have arisen out of the same facts alleged in the Lawsuit; and

WHEREAS, Plaintiffs' Counsel represents that they have conducted a thorough investigation into the facts of the Lawsuit and are of the opinion that the settlement with Defendants is fair, reasonable, and adequate and is in the best interest of Representative Plaintiffs and the Opt-In Plaintiffs in light of all known facts and circumstances, including the risks of significant delay and the defenses available to Defendants,

NOW, THEREFORE, inconsideration of the monies, mutual agreements, definitions, covenants contained herein, the Parties agree as follows:

## 1.    DEFINITIONS

**1.1**    "Defendants" means P&G, PGX, GRC, all of their respective divisions, subsidiaries, parents, affiliates, partners, members, related entities, predecessors, successors, assigns, trustees, officers, insurers, officers, directors, shareholders, employees, agents, attorneys and affiliated owners.

**1.2**    The term "Representative Plaintiffs" mean Damani Bediako, his heirs, administrators, representatives, agents, successors, spouses, attorneys, executors and

assigns; and Kia Miller, her heirs, administrators, representatives, agents, successors, spouses, attorneys, executors and assigns.

 **1.3** The term "Opt-In Plaintiffs" means the following individuals, as well as their respective heirs, administrators, representatives, agents, successors, spouses, attorneys, executors and assigns: (a) Alexander Gil; (b) Carl Anderson; (c) Danielle Lucas; (d) Devika Ramnarine; (e) Luis Onativia; (f) Megan Oliver; (g) Nathaniel Carter; (h) Olivia Jones; (i) Stephanie Darigan; (j) Kwame Marfo.

 **1.4** The term "Plaintiffs" means all Opt-In Plaintiffs and Representative Plaintiffs, collectively.

 **1.5** The "Parties" means Defendants and Plaintiffs.

 **1.6** "Plaintiffs' Counsel" means all current counsel of record in the Lawsuit for Plaintiffs.

 **1.7** "Defendants' Counsel" means all current counsel of record in the Lawsuit for Defendants.

 **1.8** The "Effective Date" of this Agreement shall be the date of the Court's final approval of the Agreement.

## 2. FINANCIAL AND OTHER CONSIDERATION

 **2.1** In consideration for the promises in this Agreement, the total payment under this Agreement, including but not limited to Representative Plaintiffs' payments, Opt-In Plaintiffs' payments, Plaintiffs' Counsel's attorney's fees and costs is $250,000.00 ("Settlement Amount"), subject to Court approval.

 **2.1.1** Representative Plaintiffs and the Opt-In Plaintiffs will receive the following sums.  As a condition to receipt of the sums set forth below, Representative Plaintiffs and Opt-In Plaintiffs who did not previously provide a W-9 form to Defendants must timely provide a completed IRS form W-9 form.

 **2.1.1.1** Damani Bediako's business entity Job Task Done LLC shall receive Ten Thousand Eight Hundred Eighty One Dollars and Sixteen Cents ($10,881.16), plus a service award of One Thousand Dollars ($1,000.00).

 **2.1.1.2** Kia Miller's business entity Kalbreta Consulting LLC shall receive Eleven Thousand Four Hundred Thirty Three Dollars and Ten Cents ($11,433.10), plus a service award of One Thousand Dollars ($1,000.00).

**2.1.1.3**    Alexander Gil's business entity Cyan Consulting Corp shall receive Twenty Seven Thousand Four Hundred Fifty Seven Dollars and Eighteen Cents ($27,457.18).

**2.1.1.4**    Carl Anderson's business entity C. Marshall Anderson Consulting shall receive Twenty Seven Thousand Two Hundred Sixty Three Dollars and Thirty Four Cents ($27,263.34).

**2.1.1.5**    Danielle Lucas's business entity Lucas Compliance Solutions LLC shall receive Fourteen Thousand One Hundred Eighty Dollars and Ninety Eight Cents ($14,180.98).

**2.1.1.6**    Devika Ramnarine's business entity DR Partners Inc. shall receive Twenty Four Thousand Three Hundred Fifty Two Dollars and Fifty Cents ($24,352.50).

**2.1.1.7**    Luis Onativia's business entity Security Intelligence Solutions Inc. shall receive Twelve Thousand Three Hundred Seventeen Dollars and No Cents ($12,317.00).

**2.1.1.8**    Megan Oliver's business entity Oliver Consulting Group, LLC shall receive Three Thousand Four Hundred Thirty Six Dollars and Fifty Cents ($3,436.50).

**2.1.1.9**    Nathaniel Carter's business entity NCJR Consulting Inc. shall receive Three Thousand Two Hundred Eighty Five Dollars and Thirty Seven Cents ($3,285.37).

**2.1.1.10**    Olivia Jones shall receive Nineteen Thousand Three Hundred Seventy Dollars and Fifty Six Cents ($19,370.56).

**2.1.1.11**    Stephanie Darigan's business entity Migrating Cardinals LLC shall receive Nine Thousand Eight Hundred Fifty Six Dollars and Twelve Cents ($9,856.12).

**2.1.1.12**    Kwame Marfo's business entity Asomanin & Asomanin LLC shall receive Nine Thousand One Hundred Sixty Six Dollars and Nineteen Cents ($9,166.19).

**2.1.1.13**    Adetutu Oshineye's business entity Crown Solutions Group LLC shall receive One Thousand Five Hundred Nineteen Dollars and Eighty One Cents ($1,519.81)

**2.1.2**    Subject to notice and Court approval, Plaintiff's Counsel may receive Seventy Three Thousand Four Hundred Eighty Dollars and Ninety Cents ($73,480.19) paid as attorney's fees.  Defendants will not challenge this request for fees or costs by Plaintiff's Counsel.

**2.1.3**     One third of these sums will be paid to each Plaintiff and to Plaintiff's Counsel within thirty (30) calendar days after Defendants receive notice of a Final Approval Order entered by the Court approving this Agreement and dismissing the Lawsuit with prejudice.  The remaining two thirds to be paid in two equal installments within sixty (60) and one hundred twenty (120) days of the initial payments, respectively. Defendants will issue an IRS Form 1099 to Plaintiffs' Counsel in connection with this payment.

**2.1.4**     All Plaintiffs shall be bound by the judgment in the Lawsuit.  To the extent that any settlement check is not cashed within one year from its original issue date, the amounts allocated shall be redistributed the remaining Plaintiffs on a pro rata basis.

**2.2**     Each recipient of the settlement funds will receive an IRS Form 1099 reflecting the amounts received, as well as a pro rata portion of attorney's fees.  Each Plaintiff and Each Defendant shall assume sole responsibility for his, her or its tax obligations arising from the disbursement, and shall not seek contribution or indemnification from any other Party for any such obligation.

**2.3**     In the event Defendants fail to timely make payment consistent with the terms of this Section 2, and such failure remains uncured ten (10) days after Plaintiffs provide written notice of such failure and Defendants have been given the opportunity to cure such failure, Plaintiffs may, at their option, cancel this Agreement and continue to pursue their claims as if the Parties had never entered into this Agreement.  In the event that Plaintiffs elect to cancel this Agreement based on Defendants' failure to timely make payment, Defendants shall be entitled to a setoff in the amount of any payments already paid pursuant to the Agreement, as against any amounts ultimately found due and owing, if any.

## 3.  RELEASE

**3.1**     In consideration of the promises made by Defendants in this Agreement, each of the Plaintiffs releases and forever discharges each of the Defendants from:

**3.1.1**  Any and all claims for wage payments of Representative Plaintiffs and all Opt-In Plaintiffs that were raised or that could have been raised in this Lawsuit, including but not limited to, all wage-related claims, such as any claims under federal or state law for unpaid overtime, improperly calculated wages, untimely payment of wages, related penalties, fines, interest, liquidated damages, employment record-keeping violations, breach of employment contract for wages, failure to furnish wage records, other wage-related claims, claims of wage law retaliation, and any other claims of any kind that are based on Defendants' alleged failure to pay overtime to Plaintiffs through the Effective Date of this Agreement; and

**3.1.2**   All claims, for purposes of any class or collective action, for wage-related claims that any of the Plaintiffs are or were misclassified as independent contractors and/or were similarly situated to each other, any other current or former independent contractor with any of the Defendants, or any other current or former employee of any of the Defendants, and all claims asserted on behalf of any Plaintiff by a third party that any of the Plaintiffs was not paid appropriate compensation.

**3.2**   Excepted from the Releases in subsection 3.1 and its subsections is any claim or right which cannot be waived by law, and claims arising after the Effective Date of this Agreement.  Each of the Plaintiffs is waiving, however, his or her right to any monetary recovery should the Department of Labor ("DOL") or any other agency pursue any claims on his or her behalf for overtime wages or hours worked up to the Effective Date of this Agreement.

**3.3**   Each of the Plaintiffs further acknowledges and agrees that the waivers and releases described in this Section 3 are essential and material terms of this Agreement, and that no settlement could have been reached by the Parties without these terms.  Each of the Plaintiffs affirms that he or she understands and acknowledges the significance and consequence of these specific terms.

## 4.   TIME TO REVIEW AND ATTORNEY CONSULTATION

Each of the Plaintiffs acknowledges and agrees that Defendants are advising them to consult with Plaintiffs' Counsel regarding this Agreement before its execution, and each of the Plaintiffs acknowledges that he or she has in fact had the opportunity to consult with Plaintiffs' Counsel and that his or her execution of this Agreement is knowing and voluntary.

## 5.   NO REENGAGEMENT AND NO ADMISSION OF LIABILITY

**5.1**   None of the Defendants shall have any obligation at any time in the future to consider any of the Plaintiffs or their respective business entities for any future contractual relationship.  To the extent that any Plaintiff seeks to enter into a business, employment or any other contractual relationship with any of the Defendants, this Agreement shall constitute a legitimate basis for said Defendant's decision not to engage, hire or otherwise do business with said Plaintiff.

**5.2**   This Agreement does not constitute any admission of guilt, fault, responsibility, wrongdoing or liability on the part of Defendants or their agents, employees, officers, directors, consultants, clients, or independent contractors.

## 6.   CONSTRUCTION AND INTERPRETATION

**6.1**   Each of the Plaintiffs acknowledges and agrees that: (1) he or she was represented throughout this Lawsuit and the negotiations that led to this Agreement by

Plaintiffs' Counsel and that he or she is satisfied with that representation; (ii) he or she has carefully read this Agreement and fully understands its meaning, intent, and terms; (iii) he or she has full knowledge of its legal consequences and has been given the opportunity to consult with Plaintiffs' Counsel concerning the Agreement, and have done so; (iv) he or she is voluntarily entering into this Agreement; (v) no promise or inducement other than those contained herein has been offered for this Agreement; and (vii) he or she is legally competent to execute this Agreement and accepts full responsibility therefor.

6.2    The Parties agree that the terms and conditions of this Agreement are the result of substantial, intensive arm's-length negotiations between counsel for the Parties and that this Agreement shall not be construed in favor of or against any of the Parties by reason of their participation in the negotiation of this Agreement.

6.3    Section titles are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Agreement or any of its provisions.  Each term of this Agreement is contractual and not merely a recital.

6.4    This Agreement shall be subject to and governed by the laws of the State of New York and subject to the continuing jurisdiction of the United States District Court for the Southern District of New York.

6.5    This Agreement may not be changed, altered, or modified, except in writing and signed by counsel for the Parties, and approved by the Court.  This Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by counsel for each of the Parties.

6.6    This Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

6.7    To the extent that a court of competent jurisdiction holds that any portion of this Agreement, other than the Releases contained in Section 3 are invalid or legally unenforceable, the Plaintiffs and Defendants agree that the remaining portions shall not be affected and shall be given full force and effect.  If any portion of the release in Section 3 is found to be invalid after any of the payments set forth in Section 2 have been made, the Plaintiffs and Plaintiffs' Counsel must return all monies paid by Defendants under this Agreement.

6.8    This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same instrument.

## 7. CERTIFICATION

**7.1** The signatories hereto certify that they are authorized to execute this Agreement on behalf of their respective Parties.

**7.2** The Parties to this Agreement acknowledge it reflects their good-faith compromise of the claims raised in the Lawsuit based upon their respective assessments of the mutual risks and costs of further litigation.

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement as of the date indicated below:

**PLAINTIFFS**

**DEFENDANTS**

*Damani Bediako*
Damani Bediako (May 20, 2020 13:40 CDT)
_____

Damani Bediako
Date: May 20, 2020

_____
P&G Auditors and Consultants, LLC

By:_____
    Its: _____
Date:

_____
Kia Miller
Date:

_____
GRC Solutions, LLC

By:_____
    Its: _____
Date:

_____
Alexander Gil
Date:

_____
PGX, LLC

By:_____
    Its: _____
Date:

## 7.  CERTIFICATION

**7.1**    The signatories hereto certify that they are authorized to execute this Agreement on behalf of their respective Parties.

**7.2**    The Parties to this Agreement acknowledge it reflects their good-faith compromise of the claims raised in the Lawsuit based upon their respective assessments of the mutual risks and costs of further litigation.

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement as of the date indicated below:


**PLAINTIFFS**                                        **DEFENDANTS**


_____        _____
Damani Bediako                                     P&G Auditors and Consultants, LLC
Date:                                                       By:_____
                                                                  Its:  _____
                                                               Date:


_____        _____
Kia Miller                                             GRC Solutions, LLC
Date:  May 18, 2020                               By:_____
                                                                  Its:  _____
                                                               Date:


_____        _____
Alexander Gil                                        PGX, LLC
Date:                                                       By:_____
                                                                  Its:  _____
                                                               Date:

## 7.  CERTIFICATION

**7.1**    The signatories hereto certify that they are authorized to execute this Agreement on behalf of their respective Parties.

**7.2**    The Parties to this Agreement acknowledge it reflects their good-faith compromise of the claims raised in the Lawsuit based upon their respective assessments of the mutual risks and costs of further litigation.

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement as of the date indicated below:

**PLAINTIFFS**                                    **DEFENDANTS**

_____

Damani Bediako
Date:

P&G Auditors and Consultants, LLC

By:_____
       Its:  _____
Date:

_____

Kia Miller
Date:

GRC Solutions, LLC

By:_____
       Its:  _____
Date:

_____
Alexander Gil (May 18, 2020)

Alexander Gil
Date: May 18, 2020

PGX, LLC

By:_____
       Its:  _____
Date:

*Carl Anderson*
Carl Anderson (May 18, 2020)

Carl Anderson
Date:  May 18, 2020

_____

Danielle Lucas
Date:

_____

Devika Ramnarine
Date:

_____

Luis Onativia
Date:

_____

Megan Oliver
Date:

_____

Nathaniel Carter
Date:

_____

Olivia Jones
Date:

_____

Carl Anderson
Date:

_____
Danielle Lucas (May 18, 2020)

Danielle Lucas
Date:  May 18, 2020

_____

Devika Ramnarine
Date:

_____

Luis Onativia
Date:

_____

Megan Oliver
Date:

_____

Nathaniel Carter
Date:

_____

Olivia Jones
Date:

_____

Carl Anderson
Date:


_____

Danielle Lucas
Date:


_____
Devika Ramnarine (May 18, 2020)

Devika Ramnarine
Date:  May 18, 2020


_____

Luis Onativia
Date:


_____

Megan Oliver
Date:


_____

Nathaniel Carter
Date:


_____

Olivia Jones
Date:

_____

Carl Anderson
Date:


_____

Danielle Lucas
Date:


_____

Devika Ramnarine
Date:


_____
Luis Onativia (May 20, 2020 15:57 EDT)

Luis Onativia
Date: May 20, 2020


_____

Megan Oliver
Date:


_____

Nathaniel Carter
Date:


_____

Olivia Jones
Date:

_____

Carl Anderson
Date:


_____

Danielle Lucas
Date:


_____

Devika Ramnarine
Date:


_____

Luis Onativia
Date:


*Meagan Oliver*
Meagan Oliver (May 19, 2020 10:50 EDT)
_____

Megan Oliver
Date:  May 19, 2020


_____

Nathaniel Carter
Date:


_____

Olivia Jones
Date:

_____

Carl Anderson
Date:


_____

Danielle Lucas
Date:


_____

Devika Ramnarine
Date:


_____

Luis Onativia
Date:


_____

Megan Oliver
Date:


_Nathaniel Carter_
Nathaniel Carter (May 18, 2020)
_____

Nathaniel Carter
Date: May 18, 2020


_____

Olivia Jones
Date:

_____

Carl Anderson
Date:


_____

Danielle Lucas
Date:


_____

Devika Ramnarine
Date:


_____

Luis Onativia
Date:


_____

Megan Oliver
Date:


_____

Nathaniel Carter
Date:


*Olivia Jones*
Olivia Jones (May 20, 2020 17:28 EDT)
_____

Olivia Jones
Date:  May 20, 2020

_Stephanie Darigan (May 18, 2020)_

_____

Stephanie Darigan
Date: May 18, 2020


_____

Adetutu Oshineye
Date:


_____

Kwame Marfo
Date:

_____

Stephanie Darigan
Date:


_____
Adetutu Oshineye (May 19, 2020 08:31 EDT)

Adetutu Oshineye
Date:  May 19, 2020


_____

Kwame Marfo
Date:

_____

Stephanie Darigan
Date:


_____

Adetutu Oshineye
Date:


_____
Kwame Marfo (May 18, 2020 22:36 EDT)

Kwame Marfo
Date: May 18, 2020

## 7.  CERTIFICATION

**7.1**    The signatories hereto certify that they are authorized to execute this Agreement on behalf of their respective Parties.

**7.2**    The Parties to this Agreement acknowledge it reflects their good-faith compromise of the claims raised in the Lawsuit based upon their respective assessments of the mutual risks and costs of further litigation.

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement as of the date indicated below:


**PLAINTIFFS**                                          **DEFENDANTS**

_____         _____
                                                        acxell LLC
Damani Bediako                                          (f/k/a P&G Auditors and Consultants LLC)
Date:

                                                        By: Phillip A. Gonzalez
                                                               Managing Director
                                                        Date: 7/24/2020


_____         _____
                                                        Vantage GRC Solutions LLC
Kia Miller                                              (f/k/a GRC Solutions, LLC)
Date:

                                                        By: Arun Banerjee
                                                               Managing Partner
                                                        Date: 7/27/2020


_____         _____
                                                        PGX, LLC
Alexander Gil
Date:                                                   By: Bradley J. Breslin
                                                               Managing Partner
                                                        Date: 7/15/2020