UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAMANI BEDIAKO and
KIA MILLER, on behalf of themselves
and those similarly situated,

       Plaintiffs,

v.

P & G AUDITORS AND CONSULTANTS,
LLC, a Foreign Limited Liability Company,
GRC SOLUTIONS, LLC, a Foreign
Limited Liability Company, and
PGX, LLC, a Foreign Limited Liability
Company,

       Defendants.
_____/

Case No. 1:19-cv-2527-JMF

**DECLARATION OF ANDREW R. FRISCH IN SUPPORT OF
JOINT MOTION FOR APPROVAL OF SETTLEMENT [D.E. 60]**

I, Andrew R. Frisch, declare under 28 U.S.C. § 1746 as follows:

    1.    My name is ANDREW R. FRISCH. I am over the age of eighteen (18) and competent to testify as to the matters stated herein.

    2.    I am the managing partner of Morgan & Morgan, P.A.'s ("M&M") office in Plantation, Florida. Along with my partner, C. Ryan Morgan, I am in charge of the firm's nationwide class/collective action employment practice.

    3.    M&M is a national firm, with over 500 attorneys, that represents plaintiffs in a wide variety of employment matters including individual and collective/class action litigation involving wage and hour claims.

    4.    As an attorney for M&M, I am responsible for prosecuting, as lead

1

counsel, federal and state labor and employment claims, including claims arising under Title VII, the Americans with Disabilities Act (ADA), the Age Discrimination in Employment Act (ADEA), the Florida Civil Rights Act, the Fair Labor Standards Act ("FLSA"), and various parallel state and local municipal wage and hour laws, among others.

5. M&M is the largest Plaintiff-side law firm in the United States.

6. I was/am lead counsel in the matter of *Damani Bediako and Kia Miller, et al. v. P&G Auditors and Consultants, LLC, et al.; Case No. 1:19-cv-02527*. I was the attorney responsible for the litigation on behalf of the Plaintiffs and opt-in Plaintiffs.

7. We undertook this representation on a purely contingent basis. A copy of our retainer is attached hereto as **EXHIBIT A**. Moreover, because our firm has finite resources, our acceptance of this case precluded me/us from accepting other wage and hour class/collective actions. Neither my firm, nor I have received compensation for the services we have rendered in this case to date, from any source.

**Counsel's Background and Experience**

8. I completed my undergraduate studies at the University of Michigan (Ann Arbor), where I obtained a Bachelor of Arts (1997), and served as an assistant to the Honorable Lynn Rivers, then the Congressperson from Ann Arbor in the United States House of Representatives. After my graduation from the University of Michigan, I attended law school at the Benjamin N. Cardozo School of Law in New York, where I graduated in the top of my class and earned a Juris Doctor degree (2000). While in law

school, I served as a student law clerk for the Honorable Denis R. Hurley of the Eastern District of New York, and received numerous scholastic honors.

9. I was admitted to the bars of the State of New York and New Jersey in 2001, the bar of the State of Florida in 2006, and the bar of the State of Georgia in 2012. Additionally, I am admitted to the bars of the Third, Fifth, Sixth, and Eleventh Circuit Court of Appeals and Middle, Northern and Southern Districts of Florida, Eastern, Northern, and Southern Districts of New York, District of New Jersey, Court of Federal Claims, Northern and Southern Districts of Texas, District of Colorado, Eastern and Western Districts of Tennessee, Middle and Northern Districts of Georgia, District of North Dakota, and Eastern District of Michigan. I am a member in good standing of each of these bars.

10. I have been practicing law since January 2001, have successfully handled hundreds of FLSA collective action cases (in multiple states and venues), and prior to coming to Morgan & Morgan, P.A., I managed the Wage and Hour Department at Rosenthal & Levy, P.A. in West Palm Beach, Florida for over a year.

11. I have served or am serving as lead counsel in Wage and Hour Class/Collective Actions in the Middle, Northern and Southern District of Florida, Southern District of Texas, Eastern and Southern Districts of New York, District of New Jersey, Eastern District of North Carolina, Southern and Northern Districts of Mississippi, Eastern, Middle and Western Districts of Tennessee, Southern District of Ohio, Northern and Middle Districts of Georgia, District of Colorado, District of Oregon, and the Court of Federal Claims. *See, e.g., Bath v. Red Vision Systems, Inc.*, 2014 WL 2436100 (D.N.J. May 29, 2014); *Thompson v. Direct General*

*Consumer Products, Inc.*, 2014 WL 884494 (M.D. Tenn. March 5, 2014)(nationwide class of insurance agents); *Palma v. MetroPCS Wireless, Inc.*, 2013 WL 6597079 (M.D. Fla. Dec. 16, 2013)(nationwide class of account service representatives); *White v. NTC Transp., Inc.*, 2013 WL 5874566 (N.D. Miss. Oct. 31, 2013); *Cooper v. East Coast Assemblers, Inc.*, 2013 WL 308880 (S.D. Fla. Jan. 25, 2013)(certifying nationwide class of "assemblers" regarding unpaid overtime claims); *Young v. Dollar Tree Stores, Inc.*, 1:11-cv-01840-REB-MJW, D.E. 264 (D. Colo. Aug. 24, 2012)(conditionally certifying a nationwide class of over 35,000 "assistant store managers" pursuing off-the-clock claims); *Hardesty v. Litton's Market and Restaurant, Inc.*, 2012 WL 6046743 (E.D. Tenn. Sept. 28, 2012)(class of tipped servers alleging tip credit violations); *Toure v. Amerigroup Corp.*, 2012 WL 1432302, (E.D.N.Y. April 20, 2012); *Elliott v. Amspec Services, LLC*, 2011 WL 6002019 (D.N.J. Nov. 29, 2011)(certifying nationwide class of "oil, gas and chemical inspectors"); *Mainor v. Lazer Spot, Inc.,* 2011 U.S. Dist. LEXIS 151990, at *8 (N.D. Ga. Aug. 9, 2011)(nationwide class of yard jockeys); *Dacar v. Saybolt, LP*, 4:11-cv-00433, D.E. 135 (S.D. Tex. June 2, 2011); *Aponte v. Comprehensive Health Management, Inc.*, 2011 WL 2207586 (S.D.N.Y. June 2, 2011); *Alvarez v. Gold Belt, LLC*, 2011 WL 1337457 (D.N.J. Apr. 7, 2011); *Mills v. RM International, Inc.*, 3:11-cv-00129, D.E. 38 (D. Or. March 31, 2011)(conditionally certifying nationwide class of "test drivers"); *Reyes v. AT & T Corp.*, 2011 WL 3517004 (S.D. Fla. Feb. 28, 2011)(conditionally certifying a nationwide class of "retail account executives"); *Brantley v. Inspectorate America Corp.,* 4:09-cv-02439, D.E. 43 (S.D. Tex. April 14, 2010); *Gayle v. United States,* 85 Fed. Cl. 72 (2008).

12. Additionally, I have repeatedly been held to be adequate class counsel in claims arising under various state wage and hour laws and in other class actions. *See, e.g., Gibbs v. Centerplate, Inc.,* 2018 WL 4760789, at *1 (M.D. Fla. July 23, 2018); *Fosbrink v. Area Wide Protective, Inc.,* 325 F.R.D. 474, 483 (M.D. Fla. 2018); *Graham v. Pyramid Healthcare Sols., Inc.,* 2017 WL 2799928, at *8 (M.D. Fla. June 28, 2017); *Shaw v. Set Enterprises, Inc.,* 2017 WL 2954675, at *3 (S.D. Fla. June 30, 2017) ("Frisch, M&M, Morgan, ARL, Gallagher, and JBG, have significant experience in litigating and settling wage and hour class and collective actions."); *Escort v. Princeton Info.,* 2017 U.S. Dist. LEXIS 47853, at *6 (S.D.N.Y. March 30, 2017) ("Based upon the investigations done by Mr. Frisch in this case, and his previous work as class counsel in similar cases, I conclude that he meets the requirements of Rule 23(g)."); *Encarnacion v. J.W. Lee, Inc.,* No. 14-CIV-61927, D.E. 65 (S.D. Fla. June 30, 2015); *Pierre-Val v. Buccaneers Ltd. P'ship,* 2015 WL 3776918, at *4 (M.D. Fla. June 17, 2015) (appointing Frisch and Morgan & Morgan as class counsel in Florida minimum wage class action); *Seghroughni v. Advantus Restaurant, Inc.*, 2015 WL 390329, at *2 (M.D. Fla. Jan. 28, 2015) (same); *Deleon v. Wells Fargo, N.A.,* 1:12-cv-04494-RLE, D.E. 39 (S.D.N.Y. Jan. 12, 2015) (appointing Frisch and M&M as class counsel in NYLL class action); *Reyes v. AT&T Mobility Services, LLC,* 1:10-cv-20837-MGC, D.E. 191 (S.D. Fla. Dec. 20, 2012) (appointing Frisch as class counsel); *Toure v. Amerigroup Corp.*, 2012 WL 3240461, at *5 (E.D.N.Y. August 6, 2012) ("Class Counsel have substantial experience prosecuting and settling employment class actions, including wage and hour class actions, and are well-versed in wage and hour law and in class action law."); *Aponte v. Comprehensive*

*Health Management, Inc.*, 2011 WL 2207586, at *12 (S.D.N.Y. June 2, 2011) (finding that Frisch and Morgan & Morgan "are qualified, experienced, and capable of acting as lead counsel" in wage and hour class actions).

13. I have also tried close to two dozen jury trials in the state and federal courts of Florida, Georgia, Kentucky, and New York, as well as over one hundred final administrative hearings in multiple states and venues.

14. Additionally, I have handled numerous cases as appellate counsel in administrative proceedings, as well as in state and federal court proceedings.

15. I am a member of the National Employment Lawyers Association ("NELA"), as well as NELA's Florida and Georgia chapters. I am also an active member of various trial lawyer organizations, including the Florida Justice Association ("FJA"), the Palm Beach County Justice Association ("PBCJA"), the Broward County Justice Association ("BCJA") and the New York State Trial Lawyers Association ("NYSTLA").

16. Further, I have published multiple articles on Wage and Hour subjects in different periodicals. I am also author/publisher of the "Overtime Law Blog" website http://flsaovertimelaw.com, a site devoted to recent developments in FLSA and Wage and Hour jurisprudence.

17. Given my expertise in wage and hour law, I am frequently asked to present to groups of attorneys and/or paralegals at speaking engagements. *See, e.g.*, Lecturer, "Overtime and Fair Labor Standards Act," Palm Beach County Chapter of Paralegal Association of Florida, Inc., May 9, 2007; also Lecturer, "Title VII of the Civil Rights Act of 1964; Age Discrimination in Employment Act (ADEA); Older Workers

Benefits Protection Act (OWBPA); Florida Whistleblowers Act," Florida Workers' Advocates, FWA's 17th Annual Education Conference, June 9, 2007; Lecturer, "Best Strategies for Handling Fair Labor Standards Act (FLSA) Litigation by the Plaintiff and Defendant," Florida Bar Labor and Employment Section, Advanced Labor Topics 2012, April 14, 2012; Lecturer, "Calculating Damages Under the FLSA to Maximize Your Claims," Practice Made Perfect's Wage & Hour Seminar, February 7, 2013.

### Nature of Plaintiffs' Claims

18. This case was brought pursuant to the Fair Labor Standards Act (FLSA) and New York Labor Law (NYLL), to seek unpaid overtime wages and related damages allegedly due to the Plaintiffs, former Anti-Money Laundering Analysts ("AMLs") who performed work for Defendants on a project for Apple Bank.

19. Specifically, Plaintiffs alleged that Defendants misclassified them as contractors, when they were actually employees and, as a result, failed to pay them overtime premiums due to them under the FLSA and/or NYLL as a result.

20. Defendants denied and continue to deny Plaintiffs' claims and contend that Plaintiffs—many of whom were paid through their own incorporated business entities—were properly classified as contractors.

### Investigation and Discovery

21. Before filing this case, M&M conducted a thorough examination of the underlying facts.

22. This included investigation and legal research on the underlying merits of the class claims, the likelihood of obtaining liquidated damages, the likelihood of

7

extending the FLSA's statute of limitations from 2 to 3 years, the proper measure of damages, and the likelihood of certification of a collective action as well as a NYLL state law class.

23. The undersigned also researched Defendants' likely defense: that they properly classified Plaintiffs and their other AMLs as contractors rather than employees.

24. After filing, Plaintiffs' counsel conducted in-depth interviews with Plaintiffs, and numerous putative class members who worked in the Covered Positions to determine their hours worked, wages paid, the nature of their duties, the nature of their relationship with Defendants and Defendants' client, and other relevant information.

25. Plaintiffs' counsel also obtained and reviewed documents from their clients including but not limited to pay records.

26. Plaintiffs' counsel also obtained a substantial number of documents and data from Defendants that helped us evaluate the risks of the case and create a damages model. To that end, Defendants produced dates of employment and weekly pay information for all of the Plaintiffs, during the relevant periods.

**Settlement Negotiations and Mediations**

27. The Parties attended a full day mediation prior to resolving the case, which ultimately did not result in a settlement.

28. Specifically, the Parties participated in an all-day mediation on July 19, 2019, with the assistance of Mediator Ralph Berger in New York, New York. Mr. Berger

has a well-earned reputation as a knowledgeable and skilled wage and hour class action mediator.

29. In preparation for that mediation, Defendants provided undersigned Counsel with additional information about the facts underlying the claims made in the Litigation, as well as full time and pay data for the members of the putative collective action.

30. That mediation was unsuccessful, and ultimately ended in an impasse, and the Parties continued to pursue their various claims and defenses in the Litigation.

31. During that time, Defendants' principal was sentenced to a lengthy prison sentence which severely impacted Defendants' ongoing business operations in many respects.

32. After a hiatus from active negotiations, the parties resumed settlement talks in the fall of 2019, which ultimately culminated in a settlement between the Parties.

### Risks of the Litigation

33. Although Plaintiffs believe their case is strong, Plaintiffs recognize that it is subject to considerable risk. Among other arguments, Defendants asserted that Plaintiffs were paid in compliance with the FLSA and NYLL, because they were contractors exempt from the coverage of both laws.

34. Further, there is evidence here that Defendants could not withstand a greater judgment than provided for in the settlement agreement. Defendants' business operations have been hindered as described in Paragraph 31, *infra*. COVID-19 and the

shutdown/slowdown of business has also dampened demand for the services provided by Defendants.

### The Settlement Fund

35.     Defendants have agreed to create a common fund of $250,000.00 to resolve all claims of the Plaintiffs (the "Fund") in the case on an individual (i.e. non-class basis).

36.     The Fund is intended to cover awards to Plaintiffs, all attorneys' fees and costs, and Court-approved service payments to the named-Plaintiffs.

### Attorneys' Fees and Costs

37.     Attorneys' fees and costs here are based on our contingency fee agreement with our clients.  *See* Exhibit A.  However, while our contract with our clients provides for a contingency fee of up to 33.3%, the fees sought here equate with approximately **27%** of the common fund created by undersigned's effort, after accounting for litigation costs/expenses incurred.

38.     Based on my experience and expertise in wage and hour class and collective actions, the reasonable hourly rates for my services have been recognized to be anywhere from $300 to $750 in recent years, depending on the relevant market.

39.     To date, my firm and I have expended over 121.2 hours litigating this case to its successful conclusion.  *See* Fee Ledger, attached hereto as **EXHIBIT B**.

40.     Utilizing a blended rate of $450, our lodestar is reasonably valued at $54,540 or more.  As such, the contingency fee provided represents a multiplier of 1.24 (or less) and is well within the norms of this Circuit, and in fact at the lowest end

of the spectrum. *See Sewell v. Bovis Lend Lease, Inc.,* 2012 WL 1320124, at *13 (S.D.N.Y. Apr. 16, 2012) ("Courts commonly award lodestar multipliers between two and six").

41. Undersigned counsel has incurred costs and expenses in the amount of **$5,382.40**. *See* Cost Ledger attached as **EXHIBIT C**.

I declare under penalty of perjury, under 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed this 28th day of August, 2020
Plantation, Florida

/s/ *Andrew R. Frisch*
Andrew R. Frisch
Morgan & Morgan, P.A.
8151 Peters Road, Suite 4000
Plantation, FL 33324
Telephone:   (954) WORKERS
Facsimile:   (954) 327-3013
Email: afrisch@forthepeople.com

*Attorneys for Plaintiffs*